UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE:<br>FAREED SEPEHRY-FARD,<br>Debtor.<br><br>FAREED SEPEHRY-FARD,<br>Plaintiff,<br>v.<br>SELECT PORTFOLIO SERVICING INC.,<br>Defendant. | Case No. 5:16-mc-80109-EJD<br><br>**ORDER DENYING "MOTION TO RECUSE;" DENYING "ADMINISTRATIVE MOTION TO VACATE VOID ORDER;" DENYING "REQUEST FOR MANDATORY JUDICIAL NOTICE"**<br><br>Re: Dkt. Nos. 3, 4, 5 |

Debtor and Appellant Fareed Sepehry-Fard ("Debtor") sought to proceed in forma pauperis with respect to an appeal from an order issued by the United States Bankruptcy Court. Debtor filed a motion under 28 U.S.C. § 1915(a) in the United States Bankruptcy Appellate Panel for the Ninth Circuit, which transferred the motion to this court. The matter was then referred to the undersigned for general duty review, as was denied. Dkt. No. 2.

Now before the court are: (1) a document entitled "Debtor's Motion to Recuse - Bias or Prejudice," (2) another document entitled "Administrative Motion to Vacate Void Order," and (3) a document entitled "Plaintiff's Request for Mandatory Judicial Notice." Dkt. Nos. 3, 4, 5. These matters are nearly identical to documents that Debtor filed in another case[1] and, like those, are suitable for decision without a hearing. Having reviewed them, the court finds, concludes and orders in the same manner it did previously:

---

[1] The other case is <u>Sepehry-Fard v. Select Portfolio Servicing, Inc.</u>, Case No. 5:16-mc-80112-EJD.

1
Case No.: 5:16-mc-80109-EJD
ORDER DENYING "MOTION TO RECUSE;" DENYING "ADMINISTRATIVE MOTION TO VACATE VOID ORDER;" DENYING "REQUEST FOR MANDATORY JUDICIAL NOTICE"

1. The "Motion to Recuse" appears to arise under 28 U.S.C. § 455. According to that statute, a district judge has a duty to disqualify himself "in any proceeding in which his impartiality might reasonably be questioned" or where "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(a), (b)(1).

2. Notably, the standard employed to determine whether recusal is appropriate under § 455 is an objective one. Clemens v. United States Dist. Ct., 428 F.3d 1175, 1178 (9th Cir. 2005). It asks "'whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" Herrington v. Cnty. of Sonoma, 834 F.2d 1488, 1502 (9th Cir. 1988) (quoting United States v. Nelson, 718 F.2d 315, 321 (9th Cir. 1983)). "The 'reasonable person' in this context means a 'well-informed, thoughtful observer,' as opposed to a 'hypersensitive or unduly suspicious person.'" Clemens, 428 F.3d at 1178 (citing In re Mason, 916 F.2d 384, 386 (7th Cir. 1990).

3. "Since a federal judge is presumed to be impartial, the party seeking disqualification bears a substantial burden to show that the judge is biased." Torres v. Chrysler Fin. Co., No. C 07-00915 JW, 2007 U.S. Dist. LEXIS 83154, at *4, 2007 WL 3165665 (N.D. Cal. Oct. 25, 2007) (citing Reiffin v. Microsoft Corp., 158 F. Supp. 2d 1016, 1021-22 (N.D. Cal. 2001)). Indeed, "[f]ederal judges are obligated not to recuse themselves where there is no reason to question their impartiality." New York City Housing Develop. Corp. v. Hart, 796 F.2d 976, 980 (7th Cir. 1986).

4. As the court understands it, Debtor's motion is based on three primary allegations. First, he asserts the undersigned was "bribed" and was disqualified from determining whether his proposed action was barred by the prefiling order because of some purported partnership or conspiracy with Judge Lucy H. Koh "to aid and abet Defendants/pretender lenders/alleged creditors to continue to steal monies and properties from Debtor." This speculative allegation is not sufficient to justify recusal under § 455. See Clemens, 428 F.3d at 1178-79 (holding that

2

Case No.: 5:16-mc-80109-EJD
ORDER DENYING "MOTION TO RECUSE;" DENYING "ADMINISTRATIVE MOTION TO VACATE VOID ORDER;" DENYING "REQUEST FOR MANDATORY JUDICIAL NOTICE"

"[r]umor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters" are not ordinarily sufficient to require a § 455 recusal). Nor is the fact that Debtor attempted to sue another judge of this court. See id. (holding that recusal is not required because of "mere familiarity with the defendant(s)").

5. Similarly, Debtor cannot seek the undersigned's recusal based on rulings made in prior actions involving Debtor. To be sure, "[b]ias under 28 U.S.C. § 455 must derive from extrajudicial sources." Herrington, 834 F.2d at 1502; accord Liteky v. United States, 510 U.S. 540, 555 (1994) (holding that judicial rulings alone are not a valid basis for a recusal motion as they do not establish reliance on an extrajudicial source).

6. Furthermore, there is no legal basis for Debtor's theory that the undersigned "gave tacit agreement" of a "lifetime bar" from presiding over cases involving Debtor. Instead, "[d]isqualification is case-specific; the statute does not put a whole subject matter out of bounds to a judge with no concrete investment in a particular dispute." Guardian Pipeline, L.L.C. v. 950.80 Acres of Land, 525 F.3d 554, 557 (7th Cir. 2008).

Thus, for the reasons explained, the "Motion to Recuse" is DENIED. The "Administrative Motion to Vacate" is also DENIED because it is based on the same disqualification theory. The "Request for Mandatory Judicial Notice" is DENIED because the documents attached to that motion are not the proper subjects for such relief.

**IT IS SO ORDERED.**

Dated: August 4, 2016



EDWARD J. DAVILA
United States District Judge

3

Case No.: 5:16-mc-80109-EJD
ORDER DENYING "MOTION TO RECUSE;" DENYING "ADMINISTRATIVE MOTION TO VACATE VOID ORDER;" DENYING "REQUEST FOR MANDATORY JUDICIAL NOTICE"